HOFMANN & SCHWEITZER
Attorneys for Plaintiff
212 West 35th Street, 12th Floor
New York, NY  10001
Tel: (212) 465-8840

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSHUA FRIEBELY,

                        Plaintiff,

  -against-                                        COMPLAINT
                                                        CIVIL AND ADMIRALTY

C.D. PERRY & SONS, INC., and
FINGER LAKES INDUSTRIAL                       1:18-CV-1458 [GTS/DJS]
CONTRACTING CORP.,

                        Defendants,
-----------------------------------------------------------x

## JURY TRIAL DEMANDED

      Plaintiff, Joshua Friebely, claims of the defendants damages upon the following causes of action.

## PARTIES AND FACTUAL STATEMENTS

1.      Plaintiff is a citizen of the State of New Jersey and at all relevant times is and was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C. § 30104, et seq.

2.      Defendant C.D. PERRY AND SONS, INC. ("C.D. PERRY"), was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, which does business in the state in which this District Court sits. Its address is Foot of Monroe Street, Troy, New York 12180.

3. Defendant FINGER LAKES INDUSTRIAL CONTRACTING CORP., ("FINGER LAKES"), was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York, and which does business in the State in which this District Court sits. Its address is 3195 East Bayard Street Ext., Seneca Falls, New York 13148.

4. This cause of action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the admiralty jurisdiction of the United States under 28 U.S.C. § 1333. Additionally, jurisdiction exists pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332 as there is complete diversity between plaintiff and each of the defendants and this claim is in excess of $75,000 exclusive of interest and costs. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried by a jury, at plaintiff's option, as permitted under Fitzgerald v. United States Lines Company, 374 U.S. 16 (1963).

5. Venue is properly placed in the United States District Court for the Northern District since the defendants maintain their principal places of business therein, the site of the incident causing plaintiff's injuries was within the Northern District and much of the evidence is located there.

6. The incident underlying the cause of action asserted herein occurred on the Castleton Bridge Project located over the Hudson River, New York which crosses the River from near Coeymans, Albany County to near Schodack, Rensselaer County in New York.

7. On or about September 8, 2016, and at all relevant times herein, FINGER LAKES

owned, chartered, leased, or had a right to use a float stage and work barge to which plaintiff was connected to do certain marine construction (hereinafter the float stage and work barge are referred to as "the vessels").

8. On or about September 8, 2016, and at all relevant times herein, FINGER LAKES operated relevant portions of the vessels.

9. On or about September 8, 2016, and at all relevant times herein, C.D. PERRY owned and/or chartered the vessels that FINGER LAKES was using.

10. On or about September 8, 2016, and at all relevant times herein, C.D. PERRY operated the vessels that FINGER LAKES was using.

11. On or about September 8, 2016, and at all relevant times herein, C.D. PERRY controlled the vessels that FINGER LAKES was using.

12. Plaintiff spent more than 30% of his time in service of the vessels, which were operated by defendants. Plaintiff intended to continue working for defendants on the bridge project in a seaman's capacity, but became unable to because of the injury he suffered.

13. On or about September 8, 2016, plaintiff was a Jones Act Seaman in the employ of FINGER LAKES, as a member of the crew of the vessels aforesaid.

14. On or about September 8, 2016, plaintiff was a Jones Act Seaman in the employ of C.D. PERRY, as a member of the crew of the vessels aforesaid.

15. At all times during his employment, plaintiff contributed to the function of the vessels and the accomplishment of their mission.

16. Plaintiff's employment was connected to the vessels and said employment was substantial in terms of duration and nature, and would have continued in duration, but for the injury

he suffered.

17. Plaintiff's employment was connected to the vessels and the nature of his work was substantially related to the accomplishment of the mission, objectives and work of the vessels.

## FIRST CAUSE OF ACTION- JONES ACT NEGLIGENCE AGAINST FINGER LAKES AND/OR C.D. PERRY AS A BORROWED SERVANT

18. Plaintiff adopts, repeats, and reiterates each and every one of the allegations made above as if fully stated herein.

19. On or about September 8, 2016, while the vessels were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessels and the negligence, carelessness, and recklessness of the defendants, jointly and severally, was caused to sustain the serious injuries more specifically set forth hereunder.

20. On said date, plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessels' owners' and operators' business. While in the process of so doing, plaintiff was caused to suffer the serious and permanent injuries more fully set forth herein.

21. On or about September 8, 2016, plaintiff became injured because of the unsafe and unseaworthy conditions of the vessels and the negligence of the defendants jointly and severally. Plaintiff was injured while diving and securing bolts on a pile connected to the dolphin fender. At the time of the incident, his co-worker was drilling a hole into a piling adjacent to where plaintiff was working, when the drill bit suddenly and unexpectedly

passed through the pile, and into plaintiff's hand. No warning that the co-worker was doing that drilling at that time was given. No safety plan was established to warn or advise divers of the activities being performed by co-workers adjacent to the others work areas. His co-worker, furthermore, was negligent in not assessing whether the area was safe for drilling and in failing to observe plaintiff's location and failed to warn plaintiff. Furthermore, his co-worker was insufficiently trained. Defendants provided insufficient communication devices and other equipment. Due to the defendants negligence, carelessness, and recklessness, jointly and severally and the vessel's dangerous, unsafe and unseaworthy conditions, plaintiff was caused to sustain serious and permanent physical injuries more specifically set forth hereunder.

22. Defendants, jointly and severally, had a non-delegable duty to provide plaintiff with a safe place to work.

23. Plaintiff's injuries were caused by the negligence, carelessness, and recklessness of the defendants, jointly and severally, by their agents, servants, workmen, contractors, and/or employees and by the unseaworthiness of the vessels.

24. Solely by reason of the negligence of the defendants, jointly and severally, and the unseaworthiness of the vessels as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, lacerated, bruised and otherwise injured; he sustained injuries to his left hand; he has required several surgeries and will be required to undergo surgery in the future; he sustained internal injuries, the full extent of which are not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical

treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been, presently is, and will in the future, continue to be disabled in part from performing his usual duties, occupations and avocations; and has in the past, and will in the future, suffer a loss of earnings and benefits. He developed a debilitating neurological condition called reflex sympathetic dystrophy syndrome, also called complex regional pain syndrome. He has a permanently installed indwelling spinal cord stimulation to help control his pain and other symptoms.

## SECOND CAUSE OF ACTION- UNSEAWORTHINESS AGAINST FINGER LAKES AND C.D. PERRY

25. Plaintiff adopts, repeats, and reiterates each and every one of the allegations made above as if fully stated herein.

26. On or about September 8, 2016, while the vessels were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessels, for which defendants are liable, was caused to sustain the serious injuries more specifically set forth hereunder.

27. On or about September 8, 2016, plaintiff, while in the course of his employment, and with the consent and knowledge of the defendant, was performing labors in furtherance of the vessels' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein, due to the unseaworthiness of the vessels.

28. The vessels were unseaworthy in various aspects, including but not limited to the fact that it was not fit for its intended purposes; the vessels lacked requisite safety equipment; the supervisors and assisting crew and co-employees were not sufficient nor equal in competence to the ordinary workers of the calling and such other defects, faults, hazards and unseaworthy conditions as the evidence shall reveal.

29. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

30. Plaintiff's injuries were caused by the negligence of the defendants, by its agents, servants, workmen and employees and by the unseaworthiness of the vessels. The injuries he sustained are described above.

31. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

### THIRD CAUSE OF ACTION - PURSUANT TO 33 U.S.C. § 905(b) FOR VESSEL NEGLIGENCE AGAINST C.D. PERRY AND/OR FINGER LAKES

32. Plaintiff adopts, repeats, and reiterates each and every one of the allegations made above as if fully stated herein.

33. If this Honorable Court determines that plaintiff was not employed as a seaman by defendant during the above stated events, then plaintiff is and was a covered employee as defined under 33 U.S.C. § 901 et seq., the Longshore and Harbor Workers Compensation Act.

34. As a covered worker as aforesaid, he was assigned to perform work while attached to the vessels described above.

35. On or about September 8, 2016 the vessels were in the navigable waters of the United

States.

36. Pursuant to 33 U.S.C. §§ 905(b) and 933, plaintiff is entitled to bring this claim against third parties causing his injury, including against the vessels, their owner(s), operators and his employer in a 'dual capacity' as owner, for the negligence of the vessels which caused his injury, and for which C.D. Perry and/or Finger Lakes are liable.

37. On or about September 8, 2016 while the vessels were in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, suffered the injuries described previously as a result of "vessel negligence" as previously asserted.

38. As a result, plaintiff was caused to suffer the injuries described above, and seeks compensatory damages against C.D. Perry and/or Finger Lakes in an amount to be determined by the trier of fact to be fair and reasonable.

### FOURTH CAUSE OF ACTION - LABOR LAW § 200 AND LABOR LAW § 241(6) VIOLATIONS AGAINST C.D. PERRY

39. Plaintiff adopts, repeats, and reiterates each and every one of the allegations made above as if fully stated herein.

40. On or about September 8, 2016, defendant, C.D. PERRY was a "contractor," with respect to the above-described vessels and/or structure upon which plaintiff was working, within the meaning of §§ 200 and 241(6) of the Labor Law of the State of New York.

41. C.D. PERRY, its agents, servants and/or employees had the duty to provide plaintiff with a safe place to work.

42. Defendant, C.D. PERRY, its agents, servants and/or employees had the non-delegable

duty to see that the project site was kept reasonably safe and free of dangers and hazards to those workers lawfully thereat.

43. Defendant, C.D. PERRY, its agents, servants and/or employees had the non-delegable duty to provide plaintiff, and those similarly situated, with a safe place to work, and with proper tools, equipment and safety devices, and other equipment for plaintiff to perform his duties with respect to the construction and repair being performed at the project site.

44. The injuries sustained by plaintiff were caused by the negligence of defendant and by its breach of the provisions of Labor Law §§ 200 and 241(6) and provisions of the Industrial Code of the State of New York, particularly those incorporated in 12 N.Y.C.R.R. and plaintiff's injuries were caused by breaches of various OSHA regulations, other statutes, rules and regulations.

45. Defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the work site, and were actively negligent in causing plaintiff's injuries.

46. Defendant, C.D. PERRY, its agents, servants and/or employees caused and/or created the dangerous and defective conditions existing upon the work site.

47. As a proximate result of defendant, C.D. PERRY's failure to provide adequate supervision, equipment, and methods at the project site and failure to adequately protect workers at the project site, and other faults as described above, plaintiff sustained severe and permanent injuries, pain, suffering, disability, impairment, loss of enjoyment of life, and economic damages.

48. Defendant, C.D. PERRY, is jointly and severally liable with Finger Lakes to plaintiff for

the injuries plaintiff sustained as a result of the incident.

49. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

WHEREFORE, plaintiff prays that judgment be entered against the defendants, and,

a. That citation issue against defendants C.D. PERRY & SONS, INC. and FINGER LAKES INDUSTRIAL CONTRACTING CORP., to appear and answer all the matters aforesaid;

b. That this Honorable Court enter judgment for plaintiff in accordance with the sums found by a jury to be due plaintiff together with interest, costs and counsel fees. In light of his serious injuries and losses, plaintiff is entitled to judgment in an amount well in excess of $75,000, exclusive of costs and interest;

c. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

Dated: New York, New York
December 18, 2018

HOFMANN & SCHWEITZER
Attorneys for Plaintiff

By:_____
Paul T. Hofmann (PH1356)
212 West 35th Street, 12th Floor
New York, New York 10001
Tel: 212-465-8840  Fax: 212-465-8849
Paulhofmann@hofmannlawfirm.com